IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-02027-CNS

YORDIN MIGUEL LAMEDA CORDERO,

      Petitioner,

v.

ROBERT HAGAN, Field Office Director of Enforcement and Removal Operations,
Denver Field Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
TODD BLANCHE, U.S. Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; and
WARDEN OF DENVER CONTRACT DETENTION FACILITY,

      Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, and Respondents' response to it, ECF No. 12.[1] Petitioner, who is currently detained at the Denver Contract Detention Facility, ECF No. 1 ¶ 17, seeks immediate release on the ground that he is unlawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A), *id.* at 9–10. As explained further below, because Petitioner is not entitled to the relief he seeks, the petition is DENIED WITHOUT PREJUDICE.

---

[1] Following receipt of Respondents' response, the Court ordered Petitioner to file a reply brief "on or before June 26, 2026." ECF No. 13. That date has come and gone without Petitioner filing a reply. Accordingly, the Court decides this motion on the briefing timely submitted.

1

The Court presumes familiarity with this case's factual and procedural background, including the allegations set forth in the habeas petition, ECF No. 1, but notes the following facts relevant to its decision. Petitioner, a native and citizen of Venezuela, ECF No. 12-1 (Darko Decl.) ¶ 3, has been held by Immigration and Customs Enforcement (ICE) since December 2, 2025, *id.* ¶ 12,[2] in connection with his removal proceedings, *id.* ¶¶ 10, 12. While in detention, Petitioner requested but was denied release on bond based on an immigration judge's (IJ) determination that Petitioner posed a flight risk. *Id.* ¶¶ 12–15. On January 8, 2026, an IJ ordered Petitioner removed to Ecuador, *id.* ¶ 18, and Petitioner then appealed that decision to the Board of Immigration Appeals (BIA) on February 4, 2026, *id.* ¶ 19. However, rather than wait for the BIA's resolution of his appeal, Petitioner filed a motion to withdraw the appeal, which the BIA granted on April 24, 2026. *Id.* ¶¶ 19–21; *see also* ECF No. 12-4 at 3 (BIA decision granting Petitioner's motion to withdraw his appeal).

Petitioner's request for immediate release arises from the premise that he is improperly detained subject to § 1225(b)(2)(A)'s mandatory detention requirement when he should instead be held in discretionary detention pursuant to § 1226(b). *See generally* ECF No. 1. However, the reality is that neither statute applies to Petitioner at this point because following the dismissal of Petitioner's BIA appeal on April 24, 2026, his order of removal became final. *See* 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall

---

[2] Certain facts are taken from the Declaration of Eric Darko, the Deportation Officer assigned to Petitioner's case, which was submitted with Respondents' response. *See* ECF No. 12-1.

become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals[.]"). As Respondents note, *see* ECF No. 12 at 6 (citing ECF No. 12-1 ¶ 22), this means Petitioner is now detained pursuant to a different section of the Immigration and Naturalization Act (INA): 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 545 (2021) (§ 1226 "authorizes the arrest and detention of aliens *pending* a decision on whether they are to be removed," while § 1231 governs "what to do if the alien is ordered removed") (emphasis added). And because "[s]ection 1226 applies *before* [a noncitizen] proceeds through the removal proceedings and obtains a decision," while "§ 1231 applies *after*," now that his order of removal is final, the Court "cannot go back in time" and provide Petitioner with his requested relief under § 1226. *Id.* (emphasis added; citation omitted).

Additionally, even if the Court were to consider Petitioner's request under § 1231, it would have no basis to order Petitioner's immediate release at this time. Under the INA, once an order of removal is final, a 90-day "removal period" begins, during which the Department of Homeland Security (DHS) is to effectuate a noncitizen's removal from the country. *See* 8 U.S.C. § 1231(a)(1)(A), (B)(i); *see also Johnson*, 594 U.S. at 541 (Under § 1231(a)(1)(A), "DHS must remove an alien within 90 days *unless* another subsection of § 1231 specifically contemplates that the removal period can exceed 90 days.") (emphasis in original). During the removal period, the INA requires that noncitizens be detained. *See id.* § 1231(a)(2)(A) ("During the removal period, the Attorney General *shall* detain the alien.") (emphasis added). The INA also provides for the continued detention of certain categories of noncitizens beyond the removal period. *See Johnson v. Arteaga-*

*Martinez*, 596 U.S. 573, 579 (2022) (quoting 8 U.S.C. § 1231(a)(6)). However, the Supreme Court has cautioned that even if a noncitizen falls into one of the specified categories, their "indefinite detention . . . would raise a serious constitutional problem." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). As a result, the continued administrative detention of a noncitizen beyond the removal period is permissible only if removal is "reasonably foreseeable." *Id.* at 699–700. The *Zadvydas* Court further explained that although detention for six months or less is presumptively reasonable, after six months, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Here, although Petitioner has been held in immigration detention since December 2025, he has not yet been detained for the full 90-day removal period—let alone reached the presumptively unreasonable six-month mark described in *Zadvyas*—since his order of removal became final on April 24, 2026, *see* ECF No. 12-4 at 2. As a result, even if Petitioner acknowledged his detention under § 1231 and requested immediate relief, that request would be premature. *See, e.g.*, *Singh v. Blanche*, No. 26-cv-00601-PAB, 2026 WL 936371, at *3 (D. Colo. Apr. 7, 2026) (denying habeas relief where petitioner was within the 90-day removal period, even though petitioner had previously been detained while removal proceedings were pending); *Santiago Ocanto v. Walker*, No. 1:26-cv-01730-RMR, 2026 WL 1374207, at *3 (D. Colo. May 15, 2026) (denying petitioner's "premature" habeas petition where his "detention [was] within the presumptively reasonable six-month period under *Zadvydas*"); *Gregorio Ordonez v. Bondi*, No. 2:25-cv-

4

02356-JHC-TLF, 2025 WL 3852444, at *6 (W.D. Wash. Dec. 19, 2025), *report and recommendation adopted*, No. 2:25-cv-02356-JHC-TLF, 2026 WL 30022 (W.D. Wash. Jan. 5, 2026) ("[T]he removal period runs from the time the removal order becomes administratively final and not from the time the noncitizen is taken into custody.") (citing *Ulysse v. Dept. of Homeland Security*, 291 F. Supp.2d 1318, 1325-26 (M.D. Fla. 2003)). As a result, there are no grounds on which the Court can order Petitioner's immediate release at this time.

* * *

Consistent with the above analysis, Petitioner's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, ECF No. 1, is DENIED WITHOUT PREJUDICE.

DATED this 14th day of July 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge